# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DR. CHRISTIAN SCHMIDT )<br>)<br>    Plaintiff, )<br>)<br>    v. )<br>)<br>ALERE, INC. and COMPUTERSHARE )<br>LIMITED, )<br>)<br>    Defendants. ) | Civil Action No. 17-080-RGA |

## PLAINTIFF DR. CHRISTIAN SCHMIDT'S MOTION TO STRIKE THE AFFIRMATIVE DEFENSES OF DEFENDANT ALERE, INC.

NOW COMES the Plaintiff, Dr. Christian Schmidt (hereinafter "*Dr. Schmidt*"), pursuant to Federal Rule of Civil Procedure 12(f), and moves this Court for entry of an order striking the affirmative defenses of the Defendant, Alere, Inc. (hereinafter "*Alere*"), and in support states as follows:

### I.    INTRODUCTION

1. On January 27, 2017, Dr. Christian Schmidt filed this action after Alere and Computershare Limited (hereinafter "*Computershare*") wrongfully escheated Dr. Schmidt's 11,931 shares in Alere, Inc. Dr. Schmidt alleges only a single cause of action for wrongful escheatment, seeking damages Dr. Schmidt has sustained as a consequence of the Defendants' unlawful acts. (D.I. 1).

2. On March 14, 2017, Alere filed its answer to Dr. Schmidt's complaint that included five boilerplate affirmative defenses, included lack of subject matter jurisdiction, failure to state a claim upon which relief may be granted, contributory negligence, unclean heads, and laches. (D.I. 4). On March 31, 2017, Alere filed its amended answer to Dr. Schmidt's complaint to add an affirmative defense for safe harbor. (D.I. 10).

3.     Alere's affirmative defenses are completely devoid of any facts and merely state legal conclusions, none of which provide a sufficient basis for an entitlement to relief. Accordingly, Dr. Schmidt moves to strike these affirmative defenses.

**II.    LEGAL STANDARD**

4.     Under Rule 12(f), a district court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent or scandalous matter." Fed. R. Civ. P. 12(f). Although disfavored because of its tendency to delay the proceedings, a motion to strike is not disfavored if it will "remove unnecessary clutter from the case" and "expedite" matters. *See Sun Microsystems, Inc. v. Versata Enters.*, 630 F. Supp. 2d 395, 402 (D. Del. 2009). Further, a motion to strike is useful when the parties disagree on the legal implications of the uncontroverted facts. *Madjar v. N.J. Dep't of Corr.*, Civil No. 92-5265 (CSF), 1993 U.S. Dist. LEXIS 6166, at *5 (D.N.J. Apr. 5, 1993).[1] Where the defense is insufficient as a matter of law, the defense should be stricken to eliminate the delay and unnecessary expense from litigating the invalid claim. *See Sun Microsystems, Inc,* 630 F. Supp. 2d at 402. That is the case here for each of Alere's boilerplate affirmative defenses.

5.     Further, Rule 8(c) requires a party to set out affirmative defenses in its responsive pleading. Fed. R. Civ. P. 8(c). The purpose of this rule is to give the parties fair notice of their opponents' defenses and an opportunity to rebut them. *See Fesnak & Assocs., LLP v. U.S. Bank Nat'l Ass'n*, 722 F. Supp. 2d 496, 503 (D. Del. 2010). Affirmative defenses must comply with Rule 8(a), which requires a "short and plain statement" of the defense. Fed. R. Civ. P. 8(a). Bare bones conclusory allegations are not permitted. *See Sun Microsystems, Inc,* 630 F. Supp. 2d at 402.

---

[1] A copy of this decision is attached hereto as <u>Exhibit A</u>.

6. The Federal Rules require that Alere provide Dr. Schmidt with fair notice of the nature of its affirmative defenses. But, Alere has failed to state even a single fact in support of any of its purported defenses. Accordingly, Alere's affirmative defenses should be stricken so that this Court may proceed to the critical legal issues at the heart of this matter.

### III. ARGUMENT

> a. <u>Alere's Boilerplate Affirmative Defenses Fail to Meet the Applicable Pleading Standards.</u>

7. None of Alere's affirmative defenses are supported by any facts at all. (D.I. 10). They merely contain bare legal conclusions. In this Circuit, that approach is never sufficient. *See Sun Microsystems, Inc,* 630 F. Supp. 2d at 402 (striking bare bones affirmative defenses, holding that such allegations do not sufficiently place a plaintiff on notice of the defense). Accordingly, each affirmative defense should be stricken.

> > i. *Alere's First Affirmative Defense for a Lack of Subject Matter Jurisdiction, Second Affirmative Defenses for a Failure to State a Claim Upon Which Relief May be Granted, and Third Affirmative Defense of Contributory Negligence are Insufficient as Affirmative Defenses.*

8. For its first affirmative defense, Alere alleges: "[t]he Court lacks subject matter jurisdiction over this matter as there is an absence of complete diversity amount the parties." For its second affirmative defense, Alere alleges: "[t]he Complaint and the causes of action therein asserted fails to state a claim in whole or in part upon which relief may be granted or judgment entered." Lack of subject matter jurisdiction and failure to state a claim are not a proper affirmative defenses, but rather assert a defect in a plaintiff's *prima facie* case. *See, e.g., FDIC v. White*, 828 F. Supp. 304, 314 (D.N.J. 1993) (striking affirmative defenses that merely negate a plaintiff's case).

9.     Alere's argument that there is a lack of subject matter jurisdiction and that Dr. Schmidt failed to state a claim may be appropriate in other pleadings, such as a motion to dismiss, but is not a proper affirmative defense and should be stricken. Accordingly, this Court should strike Alere's second affirmative defense.

10.    For its third affirmative defense, Alere alleges: "Plaintiff is contributorily negligent for any liability or damages." While an allegation of contributory negligence may be a proper affirmative defense, the allegations against Alere rest in wrongful escheatment, and not in negligence. Thus, Dr. Schmidt's contributory negligence is immaterial to the allegations at hand. *See, e.g., Greiff v. T.I.C. Enters., L.L.C.*, No. 03-882-SLR, 2004 U.S. Dist. LEXIS 680, at *8 (D. Del. Jan. 9, 2004)[2] (striking the plaintiff's affirmative defenses of contributory negligence to the defendant's counterclaims, finding that contributory negligence is immaterial since the defendant did not assert a claim of negligence against the plaintiff in its counterclaim).

*ii.  Alere's Fourth Defense of Unclean Hands is Insufficiently Pled.*

11.    For its fourth affirmative defense, Alere alleges: "[a]ny right that Plaintiff might have to recover in this action is barred by the doctrine of unclean hands." Unclean hands is an equitable defense requiring the showing of five elements: (1) the party seeking affirmative relief; (2) is guilty of conduct involving fraud, deceit, unconscionability, or bad faith; (3) directly related to matter in issue; (4) that injures other party (5) and affects balance of equities between litigants. Because an element of unclean hands is based in fraud, the defense must be pled with particularity under Fed. R. Civ. P.9(b). *See Sonos, Inc. v. D&M Holdings*, No. 14-1330-RGA-MPT, 2016 U.S. Dist. LEXIS 105271, at *14 (D. Del. Aug. 10, 2016)[3] (striking an affirmative defense for unclean hands finding that the defendant, in its bare bone pleading, did not meet the

---

[2] A copy of this decision is attached hereto as Exhibit B.
[3] A copy of this decision is attached hereto as Exhibit C.

4831-3167-3415, v. 1

heightened pleading standard). Like the defendant in *Sonos, Inc.*, Alere's one sentence allegation that Dr. Schmidt's rights are barred by the doctrine of unclean hands certainly does not meet any requisite pleading standard. Accordingly, this Court should strike Alere's fourth affirmative defense.

### iii. Alere's Fifth Defense of Laches is Insufficiently Pled.

12. For its fifth affirmative defense, Alere alleges: "[a]ny right that Plaintiff might have to recover in this action is barred by the doctrine of laches." Here, Alere's affirmative defense of laches does not meet the requisite pleading standard, as it merely states that the Plaintiff's right is barred by the doctrine of laches, which does not sufficiently place Dr. Schmidt on notice of the defense and certainly does not afford Dr. Schmidt with an opportunity to rebut it. *See, e.g., Symbol Techs., Inc. v. Aruba Networks, Inc.*, 609 F. Supp. 2d 353, 358 (D. Del. 2009) (striking an identical "garden variety" affirmative defenses for laches, stating that it was not sufficiently pled, as nothing in the pleading put the plaintiff on notice of the prosecution of such defense). Accordingly, this Court should strike Alere's affirmative defense of laches.

### iv. Alere's Sixth Defense of Safe Harbor is Insufficiently Pled.

*13.* For its sixth affirmative defense, Alere alleges: "[a]ny potential recovery by Plaintiff, and any potential liability on behalf of Defendant, is barred by 12 *Del. C.* §1203. Defendant acted in good faith at all times with regards to the shares of Alere allegedly owned by Plaintiff." As discussed above, Alere failed to aver any facts in support of its allegation that it acted in "good faith," which fails to put Dr. Schmidt on proper notice of Alere's defenses.

b. <u>Alere Has Not And Cannot Plead Any Set Of Facts In Support Of Its Affirmative Defenses.</u>

14. In addition to failing to satisfy the applicable pleading standard, Alere's affirmative defenses should be stricken because those defenses cannot withstand a Rule 12(b)(6)

challenge. Alere simply has not alleged, and cannot allege, any set of facts to support the necessary elements of its defenses. *See Sun Microsystems, Inc,* 630 F. Supp. 2d at 402 (striking a defendants' bare bone affirmative defenses, as the pleadings failed to aver any facts in support of the defense, and were mere conclusory statements).

### IV.   CONCLUSION

15.   For the foregoing reasons, five of six of Alere's affirmative defenses should be stricken with prejudice.

Dated: April 20, 2017                                          Respectfully submitted,

*/s/Maria Aprile Sawczuk*
Maria Aprile Sawczuk (No. 3320)
GOLDSTEIN & MCCLINTOCK, LLLP
1201 N. Orange Street, Suite 7380
Wilmington, DE 19801
Tel: (302) 444-6710
Fax: (302) 444-6709
Email: marias@restructuringshop.com

--and--

Vivek Jayaram, Esq.
Jayaram Law Group, Ltd.
125 S. Clark Street, 17th Floor
Chicago, IL 60603
Tel: 646.325.9855
vivek@jayaramlaw.com

*Counsel for Dr. Christian Schmidt, Plaintiff*

4831-3167-3415, v. 1

## CERTIFICATE OF SERVICE

      I hereby certify that on April 20, 2017, the attached document was electronically filed with the Clerk of the Court using CM/ECF, which will send notification to the registered attorney(s) of record that the document has been filed and is available for viewing and downloading.

<u>Alere, Inc.</u>:

>**Jonathan A. Choa**
>Potter Anderson & Corroon, LLP
>1313 N. Market St., Hercules Plaza, 6th Flr.
>P.O. Box 951
>Wilmington, DE 19899-0951
>302-984-6189
>Email: jchoa@potteranderson.com

<u>Computershare Limited</u>:

>**Patricia L. Enerio**
>Heyman Enerio Gattuso & Hirzel LLP
>300 Delaware Avenue, Suite 200
>Wilmington, DE 19801
>(302)472-7300
>Email: penerio@hegh.law
>
>**John M. Delehanty**
>Email: JMDelehanty@mintz.com
>
>**Todd F. Rosenbaum**
>Email: TFRosenbaum@mintz.com

                                              */s/ Maria Aprile Sawczuk*
                                              Maria Aprile Sawczuk