**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| DR. CHRISTIAN SCHMIDT )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>ALERE, INC. and COMPUTERSHARE )<br>LIMITED, )<br>)<br>    Defendants. ) | Civil Action No. 17-080-RGA |

**PLAINTIFF DR. CHRISTIAN SCHMIDT'S REPLY IN SUPPORT OF HIS MOTION <u>TO STRIKE THE AFFIRMATIVE DEFENSES OF DEFENDANT ALERE, INC.</u>**

The Plaintiff, Dr. Christian Schmidt (hereinafter "*Dr. Schmidt*") submits this reply in further support of his motion to strike the affirmative defenses of the Defendant, Alere, Inc. (hereinafter "*Alere*"), and in support states as follows:

**I.   INTRODUCTION**

The law requires Alere to provide Dr. Schmidt with fair notice of the nature of its affirmative defenses. Running afoul this well-settled principle, Alere has failed to allege a single fact in support of its affirmative defenses. Instead, Alere provided Dr. Schmidt (and this Court) with barebones conclusory allegations that cannot withstand judicial muster under the pertinent pleading standards. Accordingly, Alere's affirmative defenses should be stricken with prejudice.

**II.   ARGUMENT**

    a.   <u>Legal Standard.</u>

Under Rule12(f) of the Federal Rules of Civil Procedure, a district court "may strike from a pleading an insufficient defense…" Fed. R. Civ. P. 12(f). Where the defense is insufficient as a matter of law, the defense should be stricken to eliminate the delay and unnecessary expense from litigation the invalid claim. *See Sun Microsystems, Inc. v. Versata Enters.*, 630 F. Supp. 2d

at 402. Further, Rule (8) of the Federal Rules of Civil Procedure governs the pleading standard of the alleged affirmative defenses. Fed. R. Civ. P. 8(c). The purpose of Rule 8(c) is to give the parties fair notice of their opponents' defenses and an opportunity to rebut them. *See Fesnak & Assoc., LLP v. U.S. Bank Nat'l Ass'n*, F. Supp. 2d 496, 503 (D. Del. 2010). Simply put, barebones conclusory allegations are not permitted. *See, e.g., Sun Microsystems, Inc.*, 630 F. Supp. at 402 (striking bare bones affirmative defenses).

Throughout its motion, Alere concedes that in order to withstand a motion to strike, Alere "must merely show that *the facts it pled* are not facially insufficient." *See Defendant Alere, Inc., Opposition to Plaintiff Dr. Christian Schmidt's Motion to Strike Defendant's Affirmative Defenses* (hereinafter "*Opp.*") at p. 7 (emphasis added). Alere, however, has failed to allege a single fact in support of its affirmative defenses, and thus, the affirmative defenses are facially insufficient. *See, e.g., Sun Microsystems, Inc.*, 630 F. Supp. at 402 (striking bare bones affirmative defenses, holding that such allegations do not sufficiently place a plaintiff on notice of the defense); *see also Fesnak & Assocs., LLP v. U.S. Bank Nat. Ass'n*, 722 F. Supp. 2d 496, 502 (D. Del. 2010) (striking two of the three of the defendant's affirmative defenses noting that those defenses were barebones and conclusory) (as cited by Alere). Alere's affirmative defenses are insufficiently pled under Delaware law.

      b. <u>Alere's Affirmative Defenses Relating to Lack of Subject Matter and Failure to State a Claim Should Be Stricken With Prejudice.</u>

          i. *The Lack of Subject Matter Defense Fails as a Matter of Law.*

In its response, Alere puts the cart before the horse. Instead of addressing the adequacy of the pleading, it launches into a full-blown legal analysis regarding the status of the diversity between the parties. *See* Opp. at p. 3-4. That analysis is not helpful in deciding this Motion to Strike because the relevant inquiry is the sufficiency of the pleadings, and not the substance

thereof. *See, e.g., Sun Microsystems, Inc.*, 630 F. Supp. at 402 (noting that a motion to strike serves to clean up the pleadings). An affirmative defense alleging a lack of subject matter is not an affirmative defense, but, instead, asserts a defect in Dr. Schmidt's case. *See, e.g., FDIC v. White*, 828 F. Supp, 304, 314 (D.N.J. 1993) (striking affirmative defenses that merely negate a plaintiff's case). Here, Alere's pleading merely alleges that this Court lacks subject matter jurisdiction. There is no factual support for this contention. Accordingly, this affirmative defense should be stricken with prejudice.

In the event that this Court entertains Alere's substantive jurisdictional argument based upon facts not alleged, it should conclude that diversity jurisdiction exists in this case. Alere argues that the presence of an alien party on each side of the case destroys diversity jurisdiction. *See* Opp. at p. 3. In support of this notion, Alere relies on the authority of *Field v. Volkswagenwerk AG*. That case is not on point, and Alere fails to cite to a single case where a party's citizenship was not challenged and where a court concluded that a party was a citizen of a united state.[1] While the court in *Field* found that the existence of alien parties on both sides of the case defeated complete diversity, that case is factually dissimilar to the situation at hand. *Field v. Volkswagenwerk AG*, 626 F.2d 293, 306 (3d Cir. 1980). The court in *Field* reached its conclusion based upon a finding that the foreign citizenship of the plaintiff's administratrix controlled the question as to the plaintiff's citizenship. *Id.* The court concluded that the plaintiff was not a citizen of any United State for the purposes of jurisdiction. Thus, the court found that the plaintiff was an alien party.

The key difference between *Field* and the case at hand is that in *Field*, both the only plaintiff and the only defendant were alien parties. Here, however, Alere is undisputedly a

---

[1] This is likely why Alere never moved to dismiss this case on jurisdictional grounds to begin with.

United States citizen; it is a Delaware corporation and maintains its principal place of business in Waltham, Massachusetts. *See* Dkt. 10 ¶ 3. Subject matter jurisdiction is proper because there exists complete diversity between the parties; this suit is not only between two aliens. *See, e.g., Saadeh v. Farouki,* 107 F.3d 52, 323 U.S. App. D.C. 239 (D.C. Cir. 1997) (upholding diversity jurisdiction in a dispute involving an alien plaintiff suing a corporate citizen of the District of Columbia and a permanent resident alien domiciled in Maryland); *see also Gardiner v. Kelowna Flightcraft, Ltd.*, No. 2:10-cv-947, 2011 U.S. Dist. LEXIS 100220, at *12 (S.D. Ohio 2011)[2] (finding that Article III, § 2 of the Constitution itself has been construed to only require minimal diversity, meaning that only one set of opposing parties must be diverse); *see also Haim v. Neeman*, Civil Action No. 12-351 (JLL), 2013 U.S. Dist. LEXIS 188055, at *19 (D.N.J. Jan. 23, 2013)[3] (Section 1332(a)(2) confers jurisdiction over matters between "citizens of a state and citizens or subjects of a foreign state."); *compare with Bastos v. Kelowna Flightcraft, Ltd*, No. 2:10-cv-946, 2011 U.S. Dist. LEXIS 100189, at *11 (S.D. Ohio 2011)[4] (finding that Article III, § 2 does not permit Congress to vest the inferior federal courts with jurisdiction over suits involving *only* aliens). The bottom line is that if Alere gets sued for more than $75,000 by someone who is not a citizen of Delaware or Massachusetts, jurisdiction in this Court is proper.

### ii.   Wrongful Escheatment is a Viable Claim in Delaware.

In explaining the basis for its "failure to state a claim" affirmative defense, Alere argues that wrongful escheatment is not a valid cause of action in Delaware. *See* Opp. at p. 4.  That is wrong. Wrongful escheatment is recognized as a valid cause of action. *See, e.g., A.W. Fin. Servs., S.A. v. Empire Res., Inc.*, 981 A.2d 1114, 1120 (Del. 2009) (finding that a wrongful

---

[2] A copy is attached hereto as Exhibit A.
[3] A copy is attached hereto as Exhibit B.
[4] A copy is attached hereto as Exhibit C.

4

escheatment action gives rise to causes of action against private parties); *see also JLI Invest S.A. v. Computershare Trust Co., N.A.*, Civil Action No. 15-cv-11474-ADB, 2017 U.S. Dist. LEXIS 9591, at *19-20 (D. Mass. Jan. 23, 2017)[5] (same).

Further, Alere contends that no case specifically discusses a cause of action called "wrongful escheatment." *See* Opp. at p 4. The Supreme Court of Delaware has held that "Delaware recognizes causes of action for damages based on theories of negligence and conversion is a proposition so basic as to require no citation." *A.W. Fin. Servs., S.A.*, 981 A.2d at 1127. Wrongful escheatment is one of these causes of action. *Id.* Accordingly, this Court should strike Alere's affirmative defense for failure to state a claim with prejudice.

  c. <u>Alere's Affirmative Defense for Contributory Negligence Is Improper.</u>

Alere's contention that Dr. Schmidt was contributorily negligent rests in its incorrect belief that wrongful escheatment is not a recognizable cause of action in Delaware. *See* Opp. at p. 5. As discussed, *supra*, wrongful escheatment is a valid cause of action. Thus, Alere's argument is without merit. *See, e.g., Greiff v. T.I.C. Enters., L.L.C.*, No. 03-882-SLR, 2004 U.S. Dist. LEXIS 680, at *8 (D. Del. Jan. 9, 2004)[6] (striking the plaintiff's affirmative defenses of contributory negligence to the defendant's counterclaims, finding that contributory negligence is immaterial since the defendant did not assert a claim of negligence against the plaintiff in its counterclaim).

Moreover, Alere's barebones defense is not sufficient to place Dr. Schmidt on notice as to the actions causing the contributory negligence. *See, e.g., Sun Microsystems, Inc.,* 630 F. Supp. 2d at 402 (striking bare bones affirmative defenses, holding that such allegations do not sufficiently place a plaintiff on notice of the defense). The pleading contains no facts that place

---

[5] A copy is attached hereto as <u>Exhibit D</u>.
[6] A copy is attached hereto as <u>Exhibit E</u>.

Dr. Schmidt on notice of any negligent conduct. Accordingly, this Court should strike this affirmative defense with prejudice.

### d. Alere's Affirmative Defense for Unclean Hands Is Insufficiently Pled.

Alere contends that this motion should be denied because Dr. Schmidt failed to allege any prejudice. *See* Opp. at p. 5. In support of this contention, Alere mistakenly relies upon *XpertUniverse, Inc*. *See* Opp. at p. 5. . That case is different than this case. In *XpertUniverse,* the plaintiff waited over a year to file its motion to strike. *XpertUniverse, Inc. v. Cisco Systems, Inc.*, 868 F. Supp. 2d 376, 383 (D. Del. 2012). That is not the case here. Dr. Schmidt has timely moved to strike the poorly plead defenses. *XpertUniverse, Inc.*, 868 F. Supp. 2d at 383; *see also Fesnak & Assoc., LLP*, F. Supp. at 503 (striking the defendant's affirmative defenses without an inquiry into prejudice as the plaintiff moved to strike shortly after the affirmative defenses were pled); *see also Sun Microsystems, Inc.*, 630 F. Supp. at 402 (striking bare bones affirmative defenses without an inquiry into prejudice). In line with the court's reasoning in *XpertUniverse, Inc.* and the court's holdings in *Fesnak* and *Sun Microsystems, Inc.*, Dr. Schmidt timely moved to strike Alere's affirmative defenses.[7]

Further, and as discussed in *Sonos*, a defense for unclean hands is subject to a heightened pleading standard, which is a standard that Alere's one line affirmative defense does not meet. *See Sonos, Inc. v. D&M Holdings*, No. 14-1330-RGA-MPT, 2016 U.S. Dist. LEXIS 105271, at

---

[7] Alere notes that Dr. Schmidt did not move to strike the affirmative defenses in Alere's original answer. *See* Opp. at p. 5 fn. 1. Alere's original answer was filed on March 14, 2017. Dkt. 4. Seventeen days later, on March 31, 2017, Alere filed its amended answer. Dkt. 10. Under Rule 12(f), Dr. Schmidt has 21 days from the filing of the affirmative defenses to move to strike all or some of them. Therefore, Dr. Schmidt was not afforded his fully owed time to respond to the original affirmative defenses, and timely moved to strike the amended ones. Fed. R. Civ. P. 12(f).

\*14 (D. Del. Aug. 10, 2016)[8] (striking an affirmative defense for unclean hands, finding that the defendant, in its bare bone pleading, did not meet the heightened pleading standard). Accordingly, this Court should strike this affirmative defense.

  e. <u>Alere's Boilerplate Affirmative Defense For Laches Is Insufficiently Pled.</u>

Alere's garden-variety laches defense is improperly pled. In an attempt to disguise its improper pleading, Alere states that the facts supporting this defense are plain from the face of the Complaint. *See* Opp. at p. 6. These arguments are misguided because the burden is on Alere to properly plead laches.

Further, the defense of laches consists of "two essential elements: (1) inexcusable delay in instituting suit, and (2) prejudice resulting to the defendant from the delay." *Tonka Corp. v. Rose Art Indus.*, 836 F. Supp. 200, 219 (D.N.J. 1993) (granting a motion to strike a defense of laches, finding that the defendant's answer was wholly devoid of any allegations pertaining to delay and prejudice). Alere's barebones pleading fails to allege any delay and prejudice and should be stricken.

  f. <u>Alere's Affirmative Defense of Safe Harbor Is Lacking Sufficient Facts to Establish That Alere Acted in "Good Faith."</u>

Alere's single "good faith" allegation does not provide sufficient notice of its safe harbor defense. Alere argues that because "good faith" is defined in the Escheat Statute, it is sufficient to plead and prove "good faith" in accordance with the statutory definition. *See* Opp. at p. 6. Whether a party acted in "good faith" depends on the facts at hand. *See, e.g., Interamerican Ref. Corp. v. Texaco Maracaibo, Inc.*, 307 F. Supp. 1291, 1302 (D. Del. 1970) (standing for the proposition that a question of good faith as a defense under a statute is a fact based inquiry).

---

[8] A copy is attached hereto as <u>Exhibit F</u>.

Alere has failed to allege a single fact as to *how* it acted in "good faith." The pleading contains a mere conclusion, and this Court should strike the affirmative defense.

### III.  CONCLUSION

For the foregoing reasons, Alere's Affirmative Defenses should be stricken with prejudice.

Dated: May 11, 2017                                     Respectfully submitted,

*/s/Maria Aprile Sawczuk*
Maria Aprile Sawczuk (No. 3320)
GOLDSTEIN & MCCLINTOCK, LLLP
1201 N. Orange Street, Suite 7380
Wilmington, DE 19801
Tel: (302) 444-6710
Fax: (302) 444-6709
Email: marias@restructuringshop.com

--and--

Vivek Jayaram, Esq.
Jayaram Law Group, Ltd.
125 S. Clark Street, 17th Floor
Chicago, IL 60603
Tel: 646.325.9855
Email: vivek@jayaramlaw.com

*Counsel for Dr. Christian Schmidt, Plaintiff*
