IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DR. CHRISTIAN SCHMIDT,<br><br>          Plaintiff,<br><br>v.<br><br>ALERE, INC. and COMPUTERSHARE LIMITED,<br><br>          Defendants. | Civil Action No. 17-080-RGA |

## **MEMORANDUM**

Plaintiff filed a one-count complaint (D.I. 1) alleging wrongful escheatment against Alere Inc. and Computershare Limited. (D.I. 1). I ordered Plaintiff to show cause why I have subject matter jurisdiction over this case. (D.I. 18). Plaintiff claims that there is subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(2) because this case is between "citizens of a State and citizens or subjects of a foreign state." (D.I. 20 at 2). Plaintiff notes he is a citizen of Switzerland, Computershare is a citizen of Australia, and Alere is a citizen of Delaware or Massachusetts. (*Id.*). Based on Plaintiff's response to the order to show cause, the litigation is between an alien on one side and a citizen and an alien on the other side.

When an alien or aliens are parties to an action, diversity can only be based on either 28 U.S.C. § 1332(a)(2) or 28 U.S.C. § 1332(a)(3). Plaintiff concedes that § 1332(a)(3) does not apply. "[S]ection 1332(a)(2) only grants jurisdiction in cases between aliens and citizens. Cases between aliens on one side and aliens and citizens on the other, therefore, do not fit the jurisdictional pigeonhole." *Dresser Indus., Inc. v. Underwriters at Lloyd's of London*, 106 F.3d 494, 499 (3d Cir. 1997). The Court does not have subject matter jurisdiction over this case because it does not fit the only asserted jurisdictional pigeonhole of 28 U.S.C. § 1332(a)(2).

Plaintiff cites to *Song v. Hyung Soo Kim*, where the plaintiff and two defendants were aliens, but the court had subject matter jurisdiction. (D.I. 20 at 2-3 (citing 1993 WL 526340 (D.N.J. Dec. 16, 1993), *aff'd sub nom. Choi v. Kim*, 50 F.3d 244 (3d Cir. 1995))). The defendants were citizens of South Korea but domiciled in New Jersey. Under § 1332(a)(2), an alien admitted to the United States for permanent residence is considered a citizen of the State in which the alien is domicile. Although the defendants were constitutionally recognized as citizens of South Korea, they were statutorily recognized as citizens of New Jersey. *Song*, 1993 WL 526340, *9-10. Even though the defendants were not U.S. citizens, for subject matter jurisdiction purposes the defendants were considered citizens of New Jersey and not considered aliens. Therefore, the litigation was between an alien on one side and citizens on the other side. *Id.*

The Court does not have subject matter jurisdiction over the case as it was filed. 28 U.S.C. § 1653 allows parties to amend defective allegation of jurisdiction. Section 1653, however, cannot allow amendment to "create jurisdiction retroactively where none existed." *Boelens v. Redman Homes, Inc.*, 759 F.2d 504, 512 (5th Cir. 1985). Since I gave fair notice to Plaintiff, and subject matter jurisdiction cannot be created retroactively, I cannot ignore the lack of subject matter jurisdiction and dismissal must follow. I also received a letter from Alere (D.I. 21) in regards to Computershare being an indispensable party, but this issue does not need to be decided. Plaintiff's one-count complaint (D.I. 1) is **DISMISSED WITHOUT PREJUDICE.**

A separate order will be entered.

*Richard G. Andrews*
United States District Judge  7/10/17

2